NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE SAMSUNG ELECTRONICS AMERICA, INC. BLU-RAY CLASS ACTION LITIGATION : | Civil Action No. 08-0663 (JAG) |
| : | **OPINION** |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on a motion to dismiss for failure to state a claim, by Defendant, Samsung Electronics, America, Inc., ("Defendant" or "Samsung"), against Plaintiffs Robert T. McGovern, Greg Sherles, Rick Dominick, and Bradley Williams, (collectively "Plaintiffs"), pursuant to FED. R. CIV. P. 12(b)(6). For the reasons set forth in this Opinion, Defendant's motion to dismiss is granted, without prejudice.

## I. BACKGROUND

Plaintiff Robert T. McGovern commenced this action against Samsung on February 5, 2008. The remaining Plaintiffs joined McGovern in filing the First Amended Complaint ("Compl."), against Samsung on May 5, 2008. Plaintiffs are separately and individually citizens of Connecticut (McGovern), Washington (Sherles), Florida (Dominick), and Minnesota (Williams). Defendant is a New York corporation, headquartered in New Jersey.

Plaintiffs seek to represent a class consisting of "all persons in the United States who purchased any of the Defendant's Defective Blu-ray Disc Players." (Compl. ¶ 55.) Plaintiffs allege that Defendant's Blu-ray Disc Players (hereinafter "Players") suffer from a design and/or manufacturing defect because the Players are not compatible with many Blu-ray disc titles. (Id.,

¶ 3.) Plaintiffs allege violations of the New Jersey Consumer Fraud Act ("CFA"), N.J. Stat. Ann. § 56:8-2 (Count I); breach of express warranty (Count II); breach of implied warranty (Count III); and unjust enrichment (Count IV).  On June 23, 2008, Defendant moved to dismiss Plaintiffs' Amended Complaint, pursuant to FED. R. CIV. P. 12(b)(6), for failure to state a claim.

As pled, the Amended Complaint asserts that there are one hundred or more class members[1]; the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs; and there is minimal diversity between Plaintiffs and Defendant.  Jurisdiction is proper with this Court, pursuant to 28 U.S.C. § 1332(d).

## II.  STANDARD OF REVIEW

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, ----, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), while abrogating the decision in other respects).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  Twombly, 127 S.Ct. at 1964-65 (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  Id. at 1965.

When deciding a Rule 12 (b)(6) motion to dismiss, a court is required to accept, as true,

---

[1]This Court notes that Plaintiffs have not moved for class certification, to date.

all allegations in the complaint and all resulting reasonable inferences. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Morse v. Lower Merion School District, 132 F.3d 902, 906 n. 8 (3d Cir. 1997). All reasonable inferences, however, must be drawn in the plaintiff's favor. See Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987). Moreover, the claimant must set forth sufficient information to outline the elements of his or her claims or to permit inferences to be drawn that the elements exist. See FED. R. CIV. P. 8(a)(2); Conley, 355 U.S. at 45-46, abrogated on other grounds by Twombly, 127 S.Ct. 1955. "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

The court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. See Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1357. "[A] 'document *integral to or explicitly relied* upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original) (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)).[2]

---

[2] In the Amended Complaint, Plaintiffs specifically acknowledge the existence of warranty information in each Player's packaging. (Compl. ¶ 12.) Those documents are integral to Plaintiffs' Amended Complaint, as the warranty language serves, as a matter or law, to either support or erode Plaintiffs' claims. As a result, this Court will consider the warranty information, without converting Defendant's motion to dismiss into one for summary judgment.

### III.  DISCUSSION

**A.    New Jersey Consumer Fraud Act**

Plaintiffs allege that, in violation of the CFA, Samsung affirmatively misrepresented and knowingly concealed, suppressed, and failed to disclose material facts with the intent to induce reliance and deceive consumers, in connection with Samsung's sale of the Players.  (Compl. ¶ 60.) The CFA provides a cause of action against "any person" who uses an "unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression or omission of any material fact . . . in connection with the sale of any merchandise." N.J. Stat. Ann. § 56:8-2.

To state a claim under the CFA, a plaintiff must allege each of three elements: (1) unlawful conduct by a defendant; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the defendant's unlawful conduct and the plaintiff's ascertainable loss.  New Jersey Citizen Action v. Schering-Plough Corp., 367 N.J. Super. 8, 12-13 (App. Div. 2003) (citing Cox v. Sears Roebuck & Co., 647 A.2d 454, 465 (N.J. 1994)).

In support of their CFA claim, Plaintiffs allege the following pertinent facts[3]:

---

The documents were attached as Exhibits A, B, and C to the Declaration of Robert Assuncao, which accompanied Defendant's Notice of Motion (Docket No. 20).

[3]  Count I of Plaintiff's Complaint, entitled "Violations of the New Jersey Consumer Fraud Act", does not set forth specific allegations relating to the purchase of the defective Players.  Instead, Count I incorporates the preceding allegations of the Complaint, and states generally that Defendant's conduct violated the CFA.  In their opposition brief, Plaintiffs further clarify their CFA claim, as follows: "Plaintiffs have alleged that Defendant's failure to place a disclosure of the known compatibility and playability problems associated with the Blu-ray players in a location that can be readily seen and considered by consumers when making a purchasing decision is sufficiently deceptive to constitute a violation of the NJCFA." (Plaintiffs' Brief in Opposition to Defendant's Motion for Summary Judgment ("Pl. Opp. Br."), p. 6.)  This Court will thus, construe Plaintiffs' CFA claim according to the clarification set forth in their

> Plaintiffs have been and continue to be unable to collectively view several Blue-ray disc titles on their players due to a defect that exists in Samsung Blu-ray players. Defendant has not satisfactorily or adequately repaired or updated the defective players owned by Plaintiffs and Class members. (Compl. ¶ 4.)
>
> Upon information and belief, Defendant was fully aware of the defective nature of the Defective Blu-ray Disc Players at the time of their manufacture and sale. Notwithstanding this knowledge, Defendant has failed to provide a suitable remedy consistent with the products' intended and represented uses. (Compl. ¶ 5.)
>
> While Defendant has made efforts to issue "firmware" updates to belatedly fix certain features in the defective Blu-ray Disc Players, several problems in Plaintiffs' Blu-ray Disc Players - and in the Blu-ray Disc Players of class members - still persist. Furthermore, Plaintiffs and class members were not made aware of the disc compatibility issues and other problems with Defendant's defective Blu-ray Disc Players prior to their purchase of these products. It is no defense for Defendant to now claim that this caveat was buried somewhere in the user manual, which consumers can only see after they have purchased the product and opened up the box. (Compl. ¶ 6.)

---

opposition brief.

> Plaintiffs additionally raise, for the first time in their opposition brief, an allegation,
>
>> that the User Manuals themselves contain misleading and deceptive information concerning consumers" access to firmware updates by Defendant . . . Defendant's warranty contains additional language that creates the false impression that Samsung will remedy playability problems that may arise . . . Through the use of such misleading affirmative statements and omissions, Defendant Samsung has violated the NJCFA.
>
> (Pl. Opp. Br., pp. 6-7.)

Plaintiffs' new argument is an improper response to Defendant's motion to dismiss, and will not be considered by this Court. No allegation to that effect appears in the Complaint; Plaintiffs raises it for the first time in their opposition brief. Courts cannot consider allegations raised under such circumstances on a motion to dismiss, pursuant to Rule 12(b)(6). See Town of Secaucus v. United States Dep't of Transp., 889 F. Supp. 779, 791 (D.N.J. 1995) ("On a 12(b)(6) motion, the district court is limited to the facts alleged in the complaint, not those raised for the first time by counsel in its legal memorandum.")

> Plaintiffs and members of the Class are consumers who purchased one or more Defective Blu-ray Disc Player(s), and were injured thereby. (Compl. ¶ 58.)
>
> In violation of the NJCFA, Defendant has affirmatively misrepresented and knowingly concealed, suppressed, and failed to disclose material facts with the intent that others rely upon such concealment and deception in connection with its sale of the Defective Blu-ray disc Players. (Compl. ¶ 60.)
>
> The conduct of Defendant, as set forth above, constitutes unlawful acts and practices that are prohibited by the NJCFA. These practices that are unlawful under the NJCFA include, without limitation, affirmative misconduct and knowing omissions by the Defendant. (Compl. ¶ 61.)
>
> As a result of Defendant's unfair, unlawful, fraudulent and/or deceptive trade practices, Plaintiffs and members of the Class have suffered an ascertainable loss of monies, property, and/or value. (Compl. ¶ 62.)

In short, Plaintiffs allege that Defendant's failure to disclose the alleged compatibility problems on the Players' exterior packaging constitutes a violation of the CFA. Plaintiffs do not claim that the disclaimer was improperly worded, that the text of the disclaimer was improperly placed in the rest of the warranty, or that the typeface of the disclaimer was too small. Rather, Plaintiffs argue that the disclaimer, located inside the product packaging, could not realistically be called to the attention of the consumer until after the sale had been consummated, thus rendering the disclaimer not "conspicuous" and therefore, ineffective.[4]

Defendant contends that, as a matter of law, Plaintiffs' Amended Complaint fails to state a cause of action, under the CFA, because Samsung effectively disclosed the Players' compatibility issues and disclaimed any express or implied warranties that the Players would play all Blu-ray discs. Defendant argues that the user manuals and warranties were properly included

---

[4] In New Jersey "to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the disclaimer must be by a writing and conspicuous." N.J. Stat. Ann. § 12A:2-316(2)

within each Player's packaging.  (See Defendant's Brief in Support of its Motion to Dismiss, p. 11; see also Defendant's Brief in Further Support of its Motion to Dismiss, pp. 2-3.)

This Court must resolve the question of whether the inclusion of a user manual, or other source of warranty and disclaimer information, within a product's packaging constitutes unlawful conduct, so as to be in violation of the CFA.  This Court notes, that after a review of the case law, there appear to be few New Jersey courts that have contemplated this question.  Plaintiffs do not cite any case law in support of their position that warranties included within electronics packaging are fraudulent *per se*.

In support of its position, Defendant refers this Court to Rue v. Kohler, 2006 WL 2051244 (N.J. Super. App. Div. 2006), an unpublished opinion of the Appellate Division of the New Jersey Superior Court.  In Rue, the Appellate Division overturned a verdict for the plaintiff on a breach of warranty claim.  2006 WL 2051244 at *3-4.  With little analysis, the Appellate Division held that warranty information, including a limitation on liability, which was included inside a kitchen sink package was compliant with N.J. Stat. Ann. § 12A:2-316(2).

Rue remains good law and, thus, instructs this Court that the law of New Jersey tolerates warranty information included inside product packaging.  The law does not require warranties or disclaimers to be printed on packaging, as Plaintiffs contend, so that customers can "readily" see and consider the terms before purchasing the product.[5]  Thus, Defendant's decision to include

---

[5] While New Jersey courts have not often addressed the instant issue, various courts have approved the inclusion of licenses, additional warranties and limitations, and other contractual terms on the inside of product packaging.  Perhaps the most well-known of these cases are the Seventh Circuit decisions in ProCd, Inc. v. Zeidenberg, 86 F.3d 1447 (7th Cir. 1996); and Hill v. Gateway 2000, Inc., 105 F.3d 1147 (7th Cir. 1997), cert denied, 522 U.S. 808 (1997).

In ProCD, the Seventh Circuit held that a shrinkwrap license located inside the packaging

warranty information on the inside of the Players' packaging comports with established law and cannot be deemed to be in violation of the CFA.  Defendant's Motion to Dismiss Count I of Plaintiffs' Amended Complaint is granted.

## B. Breach of Express Warranty

Plaintiffs also bring a cause of action for breach of express warranty (Count II).  In their Amended Complaint Plaintiffs allege that,

> Defendant expressly warranted that the Defective Blu-ray disc Players, *inter alia*, would play Blu-ray format titles.  The Defective Blu-ray disc Players do not conform to these express representations because they do not play numerous Blu-ray disc titles.  Indeed, Plaintiffs and Class members have been unable to play certain Blu-ray discs even after downloading the firmware updates from Defendant.  As a direct and proximate result of the breach of said warranties, Plaintiffs and Class members have been injured and are therefore entitled to

---

of the computer program was enforceable as an additional term of the contract.  The court noted the impracticality of including additional terms on the outside of retail boxes, as the generally wordy disclosures would have to appear in "microscopic" font.  86 F.3d at 1451.  Notably, the court emphasized the opportunity of a buyer to reject the product after reading the additional included terms, and how that rejection comports with the Uniform Commercial Code.  Id. at 1452-53 ("A buyer accepts goods under § 2-606(1)(b) when, after an opportunity to inspect, [the buyer] fails to make an effective rejection under § 2-602(1).  [The seller] extended an opportunity to reject if a buyer should find the license unsatisfactory.").

Similarly, in Hill, the Seventh Circuit held that an arbitration clause located inside the packaging of a computer was enforceable as an additional term to the contract.  The court stated that, "[p]ractical considerations support allowing vendors to enclose the full legal terms with their products ... [C]ustomers as a group are better off when vendors skip costly and ineffectual steps such as telephonic recitation, and use instead a simple approve-or-return device."  105 F.3d at 1149.

In this case, Plaintiffs automatically dismiss the idea that they could have rejected the Players' limited warranty terms.  They allege that after purchasing a Player and "[o]nce the packaging for these kinds of appliances has been opened, many retailers and online sellers charge consumers a restocking and/or return mail fee."  (Compl. ¶ 43.)  Plaintiffs, however, never allege that they attempted to reject the warranty by returning their Players.  Also, Plaintiffs do not allege that any store from which they purchased their Players actually did charge, or would have charged them any return or restocking fees.

8

damages.

(Compl. ¶¶ 64-66.)

Defendant contends that the disclaimer of liability, set forth in the Players' warranty information, precludes Plaintiffs from bringing a claim of breach of express warranty. This Court agrees. Plaintiffs' cause of action for breach of express warranty must fail, in light of the valid express written warranties included in the packaging of each Player. The warranties provide:

> LIMITED WARRANTY TO THE ORIGINAL PURCHASER
>
> This SAMSUNG brand product, as supplied and distributed by SAMSUNG ELECTRONICS AMERICA, INC. (SAMSUNG) and delivered new, in the original carton to the original consumer purchaser, is warranted by SAMSUNG against manufacturing defects in materials and workmanship for the following limited warranty period:
>
> One (1) Year Parts / Ninety Days (90) Labor
>
> This limited warranty begins on the original date of purchase . . . . SAMSUNG will repair or replace this product, at our option and at no charge with new or reconditioned parts, if it is found to be defective during the limited warranty period specified above . . . . Prior to returning any product for warranty service, the purchaser must contact SAMSUNG for problem determination and service procedures. SAMSUNG does not warrant uninterrupted or error-free operation of the product . . . .
>
> SAMSUNG does not warrant (i) disc compatibility with new and existing format discs or (ii) error free playback in full compliance with specifications of the compatible disc formats . . . . SAMSUNG's responsibility shall be limited to appropriate warranty services during the warranty period through SAMSUNG customer care center. If you encounter compatibility or data loss problems, please contact SAMSUNG costumer care center.
>
> THERE ARE NO EXPRESS WARRANTIES OTHER THAN THOSE LISTED AND DESCRIBED ABOVE, AND NO WARRANTIES WHETHER EXPRESS OR IMPLIED, INCLUDING, BUT NOT LIMITED TO, ANY IMPLIED WARRANTIES OF MERCHANTIBILITY OR FITNESS FOR A PARTICULAR

>PURPOSE SHALL APPLY AFTER THE EXPRESS WARRANTY PERIODS STATED ABOVE . . . .

(Declaration of Robert Assuncao, Ex. A, B, C.)

In contrast to Plaintiffs' contention that Defendant expressly warranted that its Players would play Blue-ray discs, the express warranty plainly states, "SAMSUNG does not warrant (i) disc compatibility with new and existing format discs or . . . error free playback in full compliance with specifications of the compatible disc formats." Id. Plaintiffs have alleged a total of eight specifically-named Blue-ray titles which did not, or do not, work with their Players. (See generally, Compl. ¶¶ 13, 18, 20, 21, 25, 26.) These eight titles certainly fall into the category of "new and existing format discs," for which Defendant expressly disclaimed compatibility with its Players.

Here, there is no breach of the express warranty set forth above, because of the limited warranty. Defendant's motion to dismiss Plaintiffs' claim for breach of express warranty is granted.

**C.    Breach of Implied Warranty**

Plaintiffs also allege breach of implied warranty. To state a claim for breach of implied warranty, "a plaintiff must allege (1) that a merchant sold goods, (2) which were not "merchantable" at the time of sale, (3) injury and damages to the plaintiff or its property, (4) which were was caused proximately and in fact by the defective nature of the goods, and (5) notice to the seller of injury." In re Ford Motor Co. E-350 Van Products Liability Litigation, 2008 WL 4126264, * 19 (D.N.J. Sept. 2, 2008) (internal citation omitted).

Plaintiffs' cause of action for breach of implied warranty of merchantability merely

10

recasts its breach of express warranty claim, inasmuch as Plaintiffs equate merchantability with the capability of the Players to play numerous Blu-ray titles.  (See Pl. Opp. Br., pp. 17-18.) Plaintiffs' do not allege defect in Defendant's Players, they only state dissatisfaction with the Defendant's warranty notifying potential buyers about the technical limitations of the Players. This claim cannot survive given the vitality of Defendant's Limited Warranty language. Plaintiffs' claim fails, as a matter of law, to state a claim upon which relief can be granted. Defendant's motion to dismiss Count III of the Amended Complaint is granted.

**D.      Unjust Enrichment**

Finally, Plaintiffs allege unjust enrichment against Defendant (Count IV).  "The unjust enrichment doctrine requires that plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights."   VRG Corp. v. GKN Realty Corp., 641 A.2d 519, 526 (N.J. 1994)

Specifically, Plaintiffs allege that they did not receive the expected "remuneration", in the form a "fully-functional Blu-ray player" after conferring economic benefit on Defendant in the form of the purchase price.  (Compl. ¶ 72.)  Plaintiffs' claim must fail because, as explained above, each Plaintiff received what he bargained for, a Player subject to Defendant's limited warranty.  That Plaintiffs cannot play every Blu-ray disc title is of no consequence now.  Each has accepted the product, subject to Defendant's limited warranty.  Defendant's motion to dismiss Count IV of Plaintiffs' Amended Complaint is granted.

### III. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss the First Amended Complaint is granted, without prejudice. Plaintiffs may file a Second Amended Complaint within thirty (30) days of the date of the accompanying Order.

Date: December 30, 2008

                                     S/Joseph A. Greenaway, Jr.
                                     JOSEPH A. GREENAWAY, JR., U.S.D.J.